PROB 12C
(6/16)

Report Date: January 22, 2021

# United States District Court

### for the

### Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 26, 2021

SEAN F. McAVOY, CLERK

### Petition for Warrant or Summons for Offender Under Supervision

| | |
|---|---|
| Name of Offender: Sharte Dashon Kimble | Case Number: 0980 4:14CR06031-EFS-1 |
| Address of Offender: | Washington 98902 |

Name of Sentencing Judicial Officer: The Honorable Edward F. Shea, Senior U.S. District Judge

Date of Original Sentence: December 19, 2014

| | |
|---|---|
| Original Offense: | Possession of a Controlled Substance with Intent to Distribute - Cocaine, 21 U.S.C. § 841 (a)(1) and (b)(1)(C) |
| | Possession of a Firearm in Furtherance of a Drug Trafficking Crime, 18 U.S.C. § 924 (c)(1)(A) |
| Original Sentence: | Prison - 61 months<br>TSR - 60 months |
| | Type of Supervision: Supervised Release |
| Revocation Sentence:<br>Date: December 8, 2020 | Prison - time served (1 day)<br>TSR - 36 months |
| Asst. U.S. Attorney: | Ian Lloyd Garriques |
| | Date Supervision Commenced: December 8, 2020 |
| Defense Attorney: | Jennifer Rebecca Barnes |
| | Date Supervision Expires: December 7, 2023 |

### PETITIONING THE COURT

To issue a warrant.

The probation officer believes that the offender has violated the following conditions of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **Special Condition #2:** You must abstain from the use of illegal controlled substances, and must submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances. |
| | **Supporting Evidence**: It is alleged that on January 13, 2021, Mr. Kimble violated special condition number 2 in that, he failed to submit to a random urinalysis testing as directed. |
| | Per COVID-19 procedures, Mr. Kimble's conditions of supervised release were verbally reviewed with him on January 6, 2021. He verbally acknowledged an understanding of his conditions, which includes special condition number 2, as noted above. He was provided with a copy of the signed judgement via mail. |

Prob12C
**Re: Kimble, Sharte Dashon**
**January 22, 2021**
**Page 2**

On January 6, 2021, Mr. Kimble was instructed to call the Merit Resource Services (Merit) colorline drug testing program. On January 13, 2021, Mr. Kimble reported to Merit for drug testing and claimed he had a potential COVID-19 exposure on January 12, 2021. Due to the potential exposure, Mr. Kimble could not pass the COVID-19 pre-screening for uranalysis testing. He was instructed to be tested for COVID-19 and provide proof to this officer by January 14, 2021, which he failed to do.

2 **Mandatory Condition #1**: You must not commit another federal, state, or local crime.

**Supporting Evidence**: It is alleged that on January 15, 2021, Mr. Kimble violated mandatory condition number 1 by attempting to elude law enforcement, in violation of Revised Code of Washington (RCW) 46.61.024; Yakima County Superior Court, cause number 21-1-00115-39. (See narrative below).

Per COVID-19 procedures, Mr. Kimble's conditions of supervised release were verbally reviewed with him on January 6, 2021. He verbally acknowledged an understanding of his conditions, which includes mandatory condition number 1, as noted above. He was provided with a copy of the signed judgement via mail.

3 **Mandatory Condition #1**: You must not commit another federal, state, or local crime.

**Supporting Evidence**: It is alleged that on January 15, 2021, Mr. Kimble violated mandatory condition number 1 by racing in the city limits of Yakima, Washington, in violation of RCW 46.61.530; driving with license suspended first degree, in violation of RCW 46.20.342.1A; and driving a motor vehicle without an ignition interlock device, in violation of 46.20.740; Yakima Municipal Court, cause number 1A0185595. (See narrative below).

Per COVID-19 procedures, Mr. Kimble's conditions of supervised release were verbally reviewed with him on January 6, 2021. He verbally acknowledged an understanding of his conditions, which includes mandatory condition number 1, as noted above. He was provided with a copy of the signed judgement via mail.

4 **Mandatory Condition #2:** The defendant must not unlawfully possess a controlled substance, including marijuana, which remains illegal under federal law.

**Supporting Evidence**: It is alleged that on January 15, 2021, Mr. Kimble violated mandatory condition number 2 in that, Yakima Police Department (YPD) found a jar of marijuana in Mr. Kimble's vehicle's glove box. (See narrative below).

Per COVID-19 procedures, Mr. Kimble's conditions of supervised release were verbally reviewed with him on January 6, 2021. He verbally acknowledged an understanding of his conditions, which includes mandatory condition number 2, as noted above. He was provided with a copy of the signed judgement via mail.

Prob12C
**Re: Kimble, Sharte Dashon**
**January 22, 2021**
**Page 3**

| | |
|---|---|
| 5 | **Standard Condition #10:** You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers). |

**Supporting Evidence**: It is alleged that Mr. Kimble violated standard condition number 10 by being in possession of a firearm at the time of his arrest on January 15, 2021. (See narrative below).

Per COVID-19 procedures, Mr. Kimble's conditions of supervised release were verbally reviewed with him on January 6, 2021. He verbally acknowledged an understanding of his conditions, which includes standard condition number 10, as noted above. He was provided with a copy of the signed judgement via mail.

| | |
|---|---|
| 6 | **Special Condition #3:** You must not enter into or remain in any establishment where alcohol is the primary item of sale. You must abstain from alcohol and must submit to urinalysis and Breathalyzer testing as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from this substance. |

**Supporting Evidence**: It is alleged that Mr. Kimble violated special condition number 3 by consuming alcohol on January 15, 2021.

Per COVID-19 procedures, Mr. Kimble's conditions of supervised release were verbally reviewed with him on January 6, 2021. He verbally acknowledged an understanding of his conditions, which includes special condition number 3, as noted above. He was provided with a copy of the signed judgement via mail.

According to the Yakima Police Department's narrative reports for incident number 21Y001717, the following occurred: On January 15, 2021, officers with Yakima Police Department (YPD) attempted to stop three vehicles that were driving at reckless speeds on East Yakima Avenue in Yakima, Washington. A YPD officer activated his patrol lights and sirens to instruct the driver, later identified as Mr. Kimble, to pull over. Mr. Kimble continued to drive at high rates of speed, failed to stop at a stop sign on Yakima Avenue, and proceeded into the intersection at approximately 50 miles per hour. Due to the high rate of speed, Mr. Kimble lost control of the vehicle as he attempted to turn east onto East Yakima Avenue. He struck a wrought iron fence, removed several sections from the concrete sidewalk, struck the building on the southeast corner of the intersection, and eventually came to a stop after striking a telephone pole and shearing it off it's base.

At the collision scene, Mr. Kimble remained uncooperative and failed to follow directives when instructed to step out of the vehicle. Instead, he continued in what appeared to be a telephone conversation. Mr. Kimble was directed multiple times to crawl out of the vehicle but refused to acknowledge YPD officer's directives. Other YPD units arrived, warning Mr. Kimble to step out of the vehicle or a K9 officer would be deployed to assist in getting the offender to comply. Mr. Kimble was eventually pulled out of the vehicle and onto the sidewalk.

Prob12C
**Re: Kimble, Sharte Dashon**
**January 22, 2021**
Page 4

Mr. Kimble initially claimed he failed to pull over because he was unaware police were behind him. He later confessed that he panicked and "got scared" when the vehicle beside him was pulled over. A YPD officer reported Mr. Kimble's eyes were watery, bloodshot, and they could smell a slight odor of intoxicants coming from Mr. Kimble's person. Mr. Kimble denied consuming alcohol. However, on the passenger floorboard of the vehicle, a YPD officer observed an open bottle of Remy Martin Very Superior Old Pale' (VSOP) cognac liquor and a full case of Corona beer in the back trunk. Mr. Kimble agreed to submit to a voluntary field sobriety test and provided a portable breath test sample of .061 followed by .071. While searching the vehicle's glove box for proof of insurance, officers found a jar containing marijuana.

YPD Officer's found a loaded small black pistol lying about 2 feet behind the right front tire. According to YPD, Mr. Kimble must have thrown the gun out of the right rear window when he was frantically moving around the vehicle as YPD approached him. The gun was reported stolen and will be processed further for fingerprints and DNA evidence.

Mr. Kimble's driver's license is suspended in the first degree and he has an ignition interlock device restriction.

The U.S. Probation Office respectfully recommends the Court issue a warrant requiring the defendant to appear to answer to the allegations contained in this petition.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:    January 22, 2021

s/Araceli Mendoza

Araceli Mendoza
U.S. Probation Officer

---

THE COURT ORDERS

[ ]  No Action
[X]  The Issuance of a Warrant
[ ]  The Issuance of a Summons
[ ]  Other

*Edward F. Shea* (signature)

Signature of Judicial Officer

January 26, 2021

Date